IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: |
| v. | DATE FILED: |
| BRIAN J. NEWMARK<br>JOHN N. WIGHT | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud - 2 counts)<br>18 U.S.C. § 1341 (mail fraud - 2 counts)<br>18 U.S.C. § 1623(a) (false material declarations under oath - 1 count)<br>18 U.S.C. § 2 (aiding and abetting) |

## INDICTMENT

## COUNTS ONE and TWO

THE GRAND JURY CHARGES THAT:

### BACKGROUND

At all times material to this indictment

1. Defendant BRIAN J. NEWMARK controlled an entity or entities variously known as Estate Planning Advisors Corp., "Estate Planning Advisors, Inc.," "Ben Consulting," "Financial Funding Services," collectively referred to as "EPA".

2. Defendant BRIAN J. NEWMARK and EPA did business from offices located at 525 West Chester Pike, Havertown, Pennsylvania, within the Eastern District of Pennsylvania.

3. Defendant JOHN N. WIGHT worked for defendant BRIAN J. NEWMARK and EPA in various capacities.

4. Defendants JOHN N. WIGHT and BRIAN J. NEWMARK, and NEWMARK's entity EPA, sold various financial products, including "tax deferred annuities," financial products

which purported to involve a gift to a charitable organization, tax benefits, and an income stream, to elderly persons who owned substantial assets.

5. Persons known to the grand jury and identified in this indictment as "AW" and "TW" were elderly and owned substantial financial assets.

6. Neither defendant BRIAN J. NEWMARK nor defendant JOHN N. WIGHT was an attorney.

7. From on or about June 27, 2001 through on or about January 21, 2004, defendants

**BRIAN J. NEWMARK and**
**JOHN N. WIGHT**

knowingly devised and intended to devise a scheme to defraud AW and TW, and to obtain money and property from AW and TW by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

8. It was part of the scheme that:

A. On or about June 27, 2001 through on or about August 31, 2001, representatives of defendant BRIAN J. NEWMARK and his entity, EPA, including defendant JOHN N. WIGHT, met with AW and TW for the purpose of convincing AW and TW to convey millions of dollars worth of assets to a Tennessee corporation purporting to be a charitable organization, known to the grand jury and referred to in this indictment as "NLC," in exchange for certain tax deferred annuities, a financial product marketed and administered by NLC.

B. Defendant BRIAN J. NEWMARK designed and implemented, and defendant JOHN N. WIGHT implemented, various sales techniques and devices, including oral

presentations, documents, letters and business cards, for the purpose of fostering the false impression that defendants were attorneys, or in the employ of an attorney, in order to gain the trust of AW and TW and to sell them tax deferred annuities.

      C.      On and between approximately July 20, 2001 through August 31, 2001, defendant JOHN N. WIGHT held himself out to AW and TW as an attorney, and convinced AW and TW that he was an attorney, when in fact he was not an attorney.

      D.      A sizeable proportion of the assets of AW and TW were held in a brokerage account at Morgan Stanley brokerage firm.  In or about August of 2001, representatives of Morgan Stanley appealed to AW and TW not to exchange their assets for annuities, contending that they were not a suitable device for AW and TW to invest their assets, reduce taxes, or make charitable gifts.

      E.      On or about August 22, 2001 through August 30, 2001, defendants BRIAN J. NEWMARK and JOHN N. WIGHT drafted and sent several letters, ostensibly on behalf of AW and TW, to Morgan Stanley, demanding that Morgan Stanley release the assets of AW and TW to make purchases of tax deferred annuities.

      F.      On or about August 31, 2001, defendant BRIAN J. NEWMARK represented to employees of Morgan Stanley, by a facsimile cover sheet containing the letterhead of an attorney, but containing defendant NEWMARK's phone and facsimile numbers, and through telephone calls between the Eastern District of Pennsylvania and New York, New York, that he was an attorney representing AW and TW, when in fact he was not.

      G.      Defendants BRIAN J. NEWMARK and JOHN N. WIGHT, by representing themselves as attorneys for AW and TW, eventually convinced AW, TW and

Morgan Stanley to release more than three million five hundred thousand dollars in assets belonging to AW and TW for the purchase of tax deferred annuities.

  H. As a result of the purchase of tax deferred annuities by AW and TW, defendant BRIAN J. NEWMARK and his entities earned approximately $230,408 in commissions.

  I. As a result of the purchase of tax deferred annuities by AW and TW, defendant JOHN N. WIGHT earned approximately $69,740 in commissions.

  J. Between in and about July of 2001 and October of 2001, defendants BRIAN J. NEWMARK and JOHN N. WIGHT represented to AW and TW that after "careful review" of a "variety" of financial products, they concluded that the purchase of tax deferred annuities from NLC would be in the best interests of AW and TW. In fact, defendants sold AW and TW tax deferred annuities because of the substantial fees defendants would earn as a result of selling AW and TW the annuities.

  K. During litigation in federal court in the Eastern District of Pennsylvania with AW and TW arising from the events charged here, defendant BRIAN J. NEWMARK falsely denied holding himself out as an attorney for AW and TW, in response to Plaintiff's First Set of Interrogatories, served by mail on December 16, 2003.

  L. During litigation in federal court in the Eastern District of Pennsylvania with AW and TW arising from the events charged here, defendant JOHN N. WIGHT falsely denied holding himself out as an attorney for AW and TW, in the Answer of John Wight to Plaintiff's Interrogatories, served by mail on December 17, 2003.

  M. During a deposition on January 21, 2004, in litigation in federal court in

the Eastern District of Pennsylvania with AW and TW arising from the events charged here, defendant BRIAN J. NEWMARK falsely denied representing himself as an attorney for AW and TW.

## THE WIRE TRANSMISSIONS

9. On or about the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**BRIAN J. NEWMARK and
JOHN N. WIGHT,**

for the purpose of executing the scheme described above, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date of Wire | Description of Wire Transmission |
| --- | --- | --- |
| One | August 31, 2001 | Facsimile transmission from defendant BRIAN J. NEWMARK, at (610) 789-7813, in and about Havertown, Pennsylvania to Morgan Stanley in New York, containing letters drafted by defendants NEWMARK and JOHN N. WIGHT. |
| Two | August 31, 2001 | Telephone call from defendant BRIAN J. NEWMARK at (610) 348-8000, in and about Havertown, Pennsylvania to Morgan Stanley in New York. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS THREE and FOUR

**THE GRAND JURY FURTHER CHARGES THAT**:

    1.    The allegations of paragraphs 1 through 8 of Counts One and Two of this indictment are re-alleged here.

    2.    From on or about June 27, 2001 through on or about January 21, 2004, in the Eastern District of Pennsylvania and elsewhere, defendants

**BRIAN J. NEWMARK and
JOHN N. WIGHT**,

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by mail according to the directions thereon, the following mailings, each mailing constituting a separate count:

| Count | Date of Mailing | Description of Mailing |
|---|---|---|
| Three | December 16, 2003 | "Response to Plaintiff's First Set of Interrogatories," falsely stating that BRIAN J. NEWMARK had never held himself out as an attorney for AW and TW. |
| Four | December 17, 2003 | "Answer of John Wight to Plaintiff's Interrogatories," falsely stating that defendant JOHN N. WIGHT never held himself out as an attorney for AW and TW. |

    All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. The allegations of paragraphs 1 through 6, and 8, of Counts One and Two of this indictment, are re-alleged here.

2. It was material to the litigation in the Eastern District of Pennsylvania, Civil Action No. 03-3750, to determine whether defendant BRIAN J. NEWMARK ever represented himself as an attorney for AW and TW.

3. On or about January 21, 2004, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**BRIAN J. NEWMARK,**

while under oath in a proceeding before the United States District Court for the Eastern District of Pennsylvania, that is, a deposition, knowingly made false material declarations, underlined below, in response to questions asked to him with respect to the material matter as described in Paragraph 2 of this Count as follows:

> Q. Do you remember, Mr. Newmark, both in your conversation with Mr. Bogdanoff and in your conversation with Mr. Zeyer falsely telling them that you were an attorney for [AW and TW]?
>
> A. No.
>
> * * *
>
> Q. You don't remember that, do you?
>
> A. No.
>
> Q. You don't recall or you didn't do that?

   A. <u>I've never represented myself as an attorney</u>.

   Q. For [AW and TW] or for anybody?

   A. <u>For anybody.</u>

  4. The underlined testimony of defendant BRIAN J. NEWMARK, as set forth in Paragraph 3 of this Count, as defendant NEWMARK then well knew and believed, was false, in that defendant NEWMARK knew at the time he made these statements that he had represented himself as an attorney for AW and TW.

  In violation of Title 18, United States Code, Section 1623(a).

          **A TRUE BILL:**

          _____
          **FOREPERSON**

_____
**PATRICK L. MEEHAN**
**UNITED STATES ATTORNEY**