IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| BRIAN J. NEWMARK, et al. | : | NO. 06-447-1 |

### MEMORANDUM

Pratter, J.                                                                                                                              July 30, 2008

    Brian Newmark was convicted by a jury of violating the federal wire fraud statute, 18 U.S.C. § 1343.[1] Following a lengthy sentencing hearing, on July 25, 2008 the Court imposed a sentence that included 24 months of incarceration, three years of supervised release with certain community service obligations, and a $6,000 fine, as well as the attendant special assessment. At the conclusion of the sentencing hearing, counsel for Mr. Newmark made an oral motion pursuant to Section 3143(b) of the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), for Mr. Newmark's release on bail pending appeal. The Government opposes the motion.

    Under Section 3143(b), having been convicted and sentenced, Defendant Newmark must satisfy two requirements in order to remain released on bail pending his appeal: (1) he must satisfy the Court, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community if released; and (2) he must establish that his appeal is not for the purpose of delay but rather raises a substantial question of law or fact likely

---

[1] The jury also convicted Mr. Newmark of violating the federal mail fraud statute, 18 U.S.C. § 1341, and making a false statement under oath in violation of 18 U.S.C. § 1623(a). The Court granted Mr. Newmark's post-trial motions with respect to these charges, but denied the motion as to his conviction for one count of wire fraud.

to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence less than the total of time served.  See United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985).  In this case, the Government does not contest the Section 3143(b) factors relating to flight risk, safety or non-delay.

The Court is satisfied that Defendant has met his burdens as to these factors, leaving the defense motion dependent upon the issue of whether Mr. Newmark's appeal raises a "substantial question" that, if resolved in his favor, would likely result in reversal or an order for a new trial "of all counts on which imprisonment has been imposed."  Id.  Whether the appeal raises a "substantial question" of law or fact is one which is "either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  Id. at 23; see also United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986).  Stated slightly differently, rather than being described as a "close question" that could "go either way," in the Third Circuit, a "substantial question" within the meaning of Section 3143(b)  is one that can be candidly described as "fairly debatable" on which reasonable jurists might disagree.  Smith, 793 F.2d at 89-90.  Yet another formulation of the necessary qualitative evaluation is whether the question is "adequate to deserve encouragement to proceed further."  Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citations omitted).

Focusing again on the language of the statute, the term "likely to result" in reversal does not mean that the Court must act as a "bookmaker," predicting the outcome of Defendant Newmark's appeal.  See Miller, 753 F.2d at 23.  Likewise, the Court need not become a "handicapper" to assess the merits of the appeal.  And, despite the first blush interpretation of the statutory language, Section 3143(b) certainly does not require the Court consider, much less

conclude, that its own order is likely to be reversed. Id. Rather, the term means that the Court must consider whether the Defendant raises a "substantial question of law or fact" and, if so, the likelihood that - - not the likelihood *of* - - acceptance of his arguments on appeal would result in either a reversal or an order for a new trial.

Although Mr. Newmark has not yet presented his appeal, his counsel has represented that the appeal will include, in addition to a challenge to the Court's sentencing determination as to the Guidelines' intended loss calculation, Mr. Newmark's oft-raised argument concerning the insufficiency of the proof of his knowledge and participation in the fraudulent scheme charged in the Indictment. Specifically, Mr. Newmark contends that inasmuch as he had no communication directly with the victims in this case and there was no evidence that he directed his colleague, John Wright, to represent himself as a lawyer, Mr. Newmark's communications with the Morgan Stanley brokerage firm concerning the victims' accounts were legally insufficient to support Mr. Newmark's conviction for knowingly participating in the charged fraudulent scheme. Mr. Newmark relies upon United States v. Dobson, 419 F.3d 231 (3d Cir. 2005), and United States v. Pearlstein, 576 F.2d 531, 540-546 (3d Cir. 1978). While the Court has already ruled against Mr. Newmark on this issue, he correctly notes that the Court was constrained to assess the evidence in the trial record as "not overwhelming" as to Mr. Newmark's having devised or participated in the fraudulent scheme. United States v. Newmark, Crim. No. 06-447-1, 2008 U.S. DIST. LEXIS 27460, at *25, 38-40 (E.D. Pa. Apr. 4, 2008).

Having closely and intensely considered this issue previously to conclude the jury's conviction of Mr. Newmark on this charge was entirely efficacious, if the Court's role under Section 3143(b) was to set the odds of a reversal the Court could not in good conscience grant

the motion. However, that is not the Court's mandate. There is some force to Mr. Newmark's contention that if the appellate court were to accept his arguments on this point, it is entirely probable that there would be a reversal on this count of conviction or a new trial ordered.[2]

Therefore, because the Court accepts the proposition that there is a significant chance that a contrary ruling on the issue Mr. Newmark has identified for appeal[3] would lead to a reversal of Mr. Newmark's conviction or a new trial, the Court concludes that Mr. Newmark has satisfied the Miller standard for bail pending appeal.[4]

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

---

[2]The Court also accepts that an appellate rejection of the Court's intended loss calculation would lead to a lower base offense level calculation under the Sentencing Guidelines. However, it is far less likely that the ultimate sentence would be marginally different inasmuch as the sentence imposed already was significantly reduced from the Guideline range.

[3]In the event Mr. Newmark's appeal does not include this issue or if it is presented in a more narrow or substantively different fashion, the Court will entertain an application for revocation of bail if a challenge to Mr. Newmark's continued satisfaction of the requirements of Section 3143(b) appears appropriate.

[4]Although not a sufficient independent reason to grant the defense motion, the Court also has considered the practical circumstance here that if Mr. Newmark was detained while awaiting resolution of the appeal of his single count of conviction, it is entirely likely that he will have served much, if not all, of his 24-month term of incarceration. See, e.g. United States v. McManus, 651 F.Supp. 382 (D. Md.), aff'd without op., 826 F.2d 1061 (4th Cir. 1987).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **BRIAN J. NEWMARK, et al.** | : | NO. 06-447-1 |

**O R D E R**

**AND NOW**, this 30th day of July, 2008, **IT IS HEREBY ORDERED** that the oral motion of Defendant for release pending appeal pursuant to Section 3143(b) of the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), is **GRANTED**.  Defendant Newmark shall remain subject to the same terms and conditions regarding his release as have heretofore existed.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*